W. JONES, J.,
concurring in dissent:
I concur in the dissent of Justice Burdick, but write separately to add or perhaps clarify what I believe is a fundamental part of the analysis.
To me, the bottom line in this case is simply whether the risk of receiving payment for some or all of the medical costs and the hardship of the waiting time of up to five years to receive payment falls on the hospital rendering care or the county. It seems clear to me that Justice Burdick correctly holds that the definition of “resources” for determining eligibility for assistance does not consider the ability to work as a resource because, obviously, the legislature was aware of that issue since it specifically provided for the ability of the applicant to work in the reimbursement portion of the statute. The fact that the only mention of the ability to work is contained in the reimbursement section is evidence to me that the legislature intended that if an applicant for assistance is presently medically indigent without regard to such person’s ability to work, then the county must pay for the medical care and bear the responsibility of obtaining reimbursement. On the other hand, if the applicant has the present ability from the resources defined in I.C. § 31-3502(17) to pay the medical expenses within a five year period, then such person is not medically indigent and the hospital must wait for up to five years to receive payment of the expenses. The legislature has, it seems, determined that it is fair and reasonable for a hospital to wait up to five years to receive payment of medical expenses, but if an applicant’s current situation based upon the resources defined in section I.C. § 31-3502(17) are not sufficient to pay such expenses within five years, then the county must pay and bear the responsibility of seeking reimbursement under I.C. § 31 — 3510(A)(8). Such a policy decision is for the legislature to make and apparently the legislature feels that to make a hospital wait indefinitely to be paid jeopardizes the willingness of hospitals to render indigent care. Under the circumstances of the present case, therefore, I believe the dissent is correct in finding that Mrs. Freeman was medically indigent in this case.